1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

**COLLEGE REPUBLICANS OF THE
UNIVERSITY OF WASHINGTON;
CHEVY SWANSON**, an Individual,

NO. _____

11
12
13

Plaintiffs,

vs.

**COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS AND RELATED
CLAIMS**

14
15
16
17
18
19
20
21
22
23
24
25
26

**ANA MARI CAUCE**, in her official capacity
as president of the University of
Washington; **GERALD J. BALDASTY**, in
his official capacity as provost and executive
vice president; **RENE SINGLETON**,
individually and in her official capacity as
assistant director, Student Activities;
**CHRISTINA COOP**, individually and in
her official capacity as senior activities
advisor, Student Activities; **JOHN N.
VINSON**, individually and in his official
capacity as Chief of the University of
Washington, Seattle, Police Department;
**CRAIG WILSON** individually and in his
official capacity as University of
Washington, Seattle, Police Department
Patrol Commander; and DOES 1-25;

Defendants.

**DEMAND FOR JURY TRIAL**

27

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

1

2

3          Plaintiffs University of Washington College Republicans and Chevy Swanson

4   (collectively "Plaintiffs") bring this action against Defendants Ana Mari Cauce,

5   individually and in her official capacity as president of the University of Washington;

6   Gerald J. Baldasty, in his official capacity as provost and executive vice president of the

7   University of Washington; Rene Singleton, individually and in her official capacity as

8   assistant director, Student Activities at the University of Washington, Seattle ("UW

9

10  Seattle"); Christina Coop, individually and in her official capacity as senior activities

11  advisor, Student Activities at the UW Seattle; John N. Vinson, individually and in his

12

13  official capacity as Chief of  the UW Seattle Police Department; Craig Wilson,

14  individually and in his official capacity as UW Seattle  Department Patrol Commander;

15  and DOES 1-25, for nominal, compensatory, punitive, declaratory and injunctive relief.

16                          **INTRODUCTION**

17          1.      This action seeks to protect and vindicate fundamental rights. It is a civil

18

19  rights action brought under the First and Fourteenth Amendments against government

20  actors responsible for imposing draconian and unreasonable security fees on Plaintiffs

21  as a condition for permitting them to host a conservative speaker in Red Square within

22

23  the UW Seattle campus. The imposition of a $17,000 security fee for a Saturday afternoon

24  event featuring an evangelical Christian speaker is remarkable. But UW Seattle justifies

25  it only on the basis of an unconstitutional heckler's veto, in essence, rewarding members

26  of society so intolerant of and hostile to hearing views they find objectionable they must

27

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

threaten and/or commit violence to protect themselves from such views. By imposing

such an exorbitantly large security fee on the Plaintiffs, Defendants, and each of them,

are responsible for ratifying an unconstitutional heckler's veto, taxing protected speech

and rewarding those who disrespect the solemn and precious freedoms safeguarded

within the First Amendment.

## JURISDICTION AND VENUE

2.      This action arises under the First and Fourteenth Amendments to the

United States Constitution, and is authorized pursuant to 42 U.S.C. § 1983 in relation to

Defendants' deprivation of the Plaintiffs' constitutional rights. Accordingly, this Court

has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343.

3.      Venue is proper under 28 U.S.C. § 1391(b). Each and all of the acts alleged

herein were done by Defendants within King County, Washington.

4.      This Court is authorized to grant a Declaratory Judgment under the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the

Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiff under

Rule 65 of the Federal Rules of Civil Procedure; the requested injunctive relief under 28 U.S.C.

§ 1343(3); the requested damages under 28 U.S.C. § 1343(3); and attorneys' fees and costs under

42 U.S.C. § 1988.

## PARTIES

### A. Plaintiffs

5.      Plaintiff College Republicans of the University of Washington is a

registered student organization of the University of Washington, Seattle.

COMPLAINT                                    Page - 3

6.      Plaintiff Chevy Swanson is an individual residing in the City of Seattle, a student at the University of Washington, Seattle, and president of the College Republicans of the University of Washington.

**B.  UW Seattle Defendants**

7.      Defendant Ana Mari Cauce, is sued in her individual and official capacity as president of the University of Washington.

8.      Defendant Gerald J. Baldasty is sued in his official capacity as provost and executive vice president of the University of Washington.

9.      Defendant Rene Singleton is sued individually and in her official capacity as assistant director, Student Activities, of the University of Washington.

10.      Defendant Christina Coop, individually and in her official capacity as senior activities advisor, Student Activities, of the University of Washington.

11.      Defendant John N. Vinson is sued individually and in his official capacity as Chief of the University of Washington Police Department.

12.      Defendant Craig Wilson is sued individually and in his official capacity as Patrol Commander within the University of Washington Police Department.

13.      Plaintiffs are unaware of the true names and/or capacities of defendants sued herein as DOES 1-25 ("UW Seattle DOES") and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages set

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

forth in this Complaint. Each defendant proximately caused injuries and damages because of their active participation in the subject incident, and/or because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, or tortious conduct. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this Complaint subject to further discovery and investigation.

## FACTUAL BACKGROUND

14.     In January 2017, the College Republicans hosted an event featuring political provocateur Milo Yiannopolous in Kane Hall on the UW Seattle campus. Exh. 1, Decl. Swanson, ¶ 3. The event drew significant blowback from members of the community who contacted the University hoping to have the event cancelled. *Id.*

15.     Chevy Swanson was event coordinator for the College Republicans and directly involved in planning for the Yiannopolous event. *Id.*, ¶ 4. Swanson and other club members met multiple times with campus administration. *Id.* Initially, the administration estimated security, building rental, equipment and staffing would cost the group $1,000. *Id.* In subsequent meetings, they were given a revised estimate of $5,000 and $7,000. *Id.* At no time, did the administration officials explain the rising cost estimates except to say that because they were expecting heightened protests, the cost of security would increase to cover additional officers. *Id.*

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

16.     On January 20, 2017, the night of the Yiannopolous event, approximately 400 people gathered in Red Square to cue up for the event. *Id.*, ¶ 5. At approximately 5 p.m., a number of black-clad individuals wearing masks carrying sticks and flagpoles showed up breaking bricks, attempting to bust down barricades and harassing people. *Id.*

17.     At approximately 7 p.m. an altercation occurred in which a protester was shot. Two people were charged with assaulting the protester. *Id.*, ¶ 6. As a result of the Yiannopolous event requiring substantial security, the University adopted a "Safety and Security Protocols for Events" policy. *Id.* The policy states in relevant part:

> When the use of campus facilities involves events, activities, and programs that are likely to significantly affect campus safety, security, and operation, the University will perform an analysis of all event factors. This could result in additional conditions and requirements placed on the host organization in order to maintain the safety and security of all organizing parties, guests attending, and the broader campus community. Safety and security concerns may include, but are not limited to, history or examples of violence, bodily harm, property damage, significant disruption of campus operations, and those actions prohibited by the campus code of conduct and state and federal law.

> During the planning process, host organizations or groups are responsible for making the University aware of any known histories and/or issues of safety and security concerns. The University (i.e., venue coordinator and UWPD) may review all event details and logistics to determine necessary safety and security protocols. Additionally, if previously unknown or new safety and security concerns arise during the planning process, the University will review the event details and may alter any conditions and requirements. Any determination by authorized campus officials will be based on an assessment of credible information other than the content or viewpoints anticipated to be expressed during the event. Other events taking place on or near campus will be taken into

COMPLAINT                              Page - 6

consideration in the security review. Required security measures may include, but are not limited to, adjusting the venue, date, and timing of the event; providing additional law enforcement; imposing access controls or security checkpoints limiting costumes or items carried; and/or creating buffer zones around the venue.

The host organization or group will be required to pay costs of reasonable event security as determined in advance by the University. These costs include, but are not limited to security personnel, costs to secure the venue from damage, and special equipment as determined by law enforcement. Security fees will be based on standard and approved recharge rates for UWPD, other security personnel, and associated equipment costs or rentals. Should the University place supplementary security protocols prior to or during the event to provide adequate security to help mitigate any originally unforeseen security concerns, additional security fees may be charged to host organizations or groups. Host organizations are financially responsible for damage, inside or outside of the venue, caused by members of their organization or their invitees.

The University reserves the right, in rare circumstances, to cancel an event if based on information available it is reasonably believed that there is a credible threat which unreasonably places the campus community at risk of harm.

*Id.*

18.    The College Republicans raised money to cover the security fees through a gofundme campaign. *Id.*, ¶ 7. After the event, the College Republicans received an invoice from the University for $9,121, which they paid from the money received from the gofundme campaign. *Id.* However, the College Republicans did not plan other events in 2017 due to their inability to cover the exorbitant security costs they anticipated needing. *Id.*

19.    In October 2017, an individual associated with Patriot Prayer, Kyle Broussard, contacted Swanson offering to have the group's founder and leader, Joey

COMPLAINT                                  Page - 7

Gibson, come to the campus on November 22, 2017, for an indoor speaking event. *Id.*, ¶ 8. Patriot Prayer is an informal group of evangelical Christians formed and led by Gibson to convey a message of peace. *Id.* Its Facebook page says it is about "using the power of love and prayer to fight the corruption both in the government and citizen levels that seek to gain power through division and deception."[1] *Id.* Despite this description, Gibson has been the target of physical assault by Antifa and similar violent left-wing activist groups who label him a white supremacist and Nazi. *Id.*

20.     In October 2017, Swanson, along with other members of the College Republicans, met with Defendant Renee Singleton, assistant director of Student Activities, and Christina Coop, senior activities advisor for Student Activities, to discuss planning for the Patriot Prayer event. *Id.*, ¶ 9. Defendant Singleton told Swanson that security costs would be high due to security concerns. *Id.* Singleton also told Swanson that Patriot Prayer is a controversial group and would present major security problems. Id. Based on those representations, the College Republicans decided not to move forward with the event. *Id.*

21.     In January 2018, the College Republicans discussed holding a Patriot Prayer event outdoors to defray the costs associated with room, equipment and some of the security costs. *Id.*, ¶ 10. The group reached out to Gibson to inquire about scheduling an outdoor event in February 2018. *Id.*

---

[1] https://www.facebook.com/pg/PatriotPrayerUSA/about/?ref=page_internal.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

22.     Swanson met again with campus advisors to discuss planning for a February outdoor event. *Id.*, ¶ 11. On February 1, 2018, Defendant Craig Wilson, Patrol Commander with the UW Seattle Police Department, told Swanson the cost of security would be $17,000 due to expected violent protests. *Id.* Wilson did not explicitly detail the reasons for such a large security fee. Id. No other group has been charged such an excessively large security fee in the past. *Id.*, Exh. 1, UWPD Security Costs for 2016-17, obtained through a Washington State Public Records Request.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Freedom of Speech)
(All Plaintiffs Against All UW Seattle Defendants)

23.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

24.     Red Square is a designated public fora – as it must be, under state-wide regulations, and long-standing Supreme Court precedent. Accordingly, UW Seattle is required to allow plaintiffs to bring speakers of their own choosing to speak on campus, free from viewpoint discrimination, content-based speech restrictions that are not narrowly tailored to serve a compelling government interest, and content-neutral time, place and manner restrictions that are not narrowly tailored to serve an important government interest or that fail to leave open ample alternative channels for the communication of the message.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

25.     Defendants, acting under color of state law and according to UW Seattle policy, custom, pattern, and practice, have failed to meet these constitutional standards by adopting and enforcing a facially and as-applied unconstitutional security fee policy that grants Defendants unfettered discretion to impose unreasonable security fees; which Defendants have enforced according to the their whim and taste, or the demands of an off-campus mob of masked agitators.

26.     Defendants' actions fail to meet constitutional scrutiny because the security fee policy is facially and as-applied unreasonable, and was adopted and enforced in a viewpoint discriminatory manner, with the effect of chilling, marginalizing, or banning the expression of conservative viewpoints on the UW Seattle campus.

27.     The security fee policy is unconstitutionally vague, and therefore void as a matter of law, both on its face, and as it is being applied to Plaintiffs.

28.     As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

29.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the security fee policy. Additionally, plaintiffs are entitled to monetary damages arising

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

from the unconstitutional actions of Defendants and each of them, sued herein in their

individual capacities, as well as reasonable costs of suit.

30.     Plaintiffs found it necessary to engage the services of private counsel to

vindicate their rights under the law. Plaintiffs are therefore entitled to an award of

attorneys' fees pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Freedom of Assembly)
(All Plaintiffs Against All UW Seattle Defendants)

31.     Plaintiffs incorporate by reference the allegations in the preceding

paragraphs, as if fully set forth herein.

32.     The First Amendment prohibits government from abridging the right of

the people to assemble peaceably. Freedom of assembly is the individual right or ability

of people to come together and collectively express, promote, pursue, and defend their

ideas. The right to freedom of association is recognized as a human right, a

political right and a civil liberty.

33.     Defendants, and each of them, abridge Plaintiffs' right to assemble by

imposing a draconian and unreasonable security fee for their scheduled event, thereby

creating and enforcing a de facto prohibition on their right to assemble without

government-approved endorsement of their message.

34.     As a direct and proximate consequence of Defendants' violation of

Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

35.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the security fee policy. Additionally, plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

36.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Retaliation)
(All Plaintiffs Against All UW Seattle Defendants)

37.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

38.     Plaintiffs and their members have engaged in constitutionally protected speech, namely, holding and expressing conservative viewpoints by inviting conservative speakers to speak on the UW Seattle campus.

39.     By treating Plaintiffs and their members differently from similarly situated students, student organizations, and members of the public because they are

COMPLAINT                                    Page - 12

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have retaliated against Plaintiffs and their members for holding and expressing disfavored views, and in so retaliating, have engaged in conduct that would chill a person of ordinary firmness from continuing to engage in the protected speech activity.

40.    Plaintiffs and their members' actions in holding and expressing disfavored views was a substantial and motivating factor in Defendants' retaliation against them by imposing unlawful restrictions on Plaintiffs and their members' federal civil rights secured under 42 U.S.C. § 1983 and the First Amendment, causing Plaintiffs to suffer and continue in the future to suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

41.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants' retaliation against BCR and its members for their utterances of protected speech.

42.    Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

43.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## FOURTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment (42 U.S.C. § 1983)
(Due Process)
(All Plaintiffs Against All UW Seattle Defendants)

44.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

45.     Defendants, acting under color of state law and according to a policy, pattern and practice, have enacted a security fee policy, which is vague, overbroad, and improperly affords Defendants unfettered discretion in its application, and therefore deprives Plaintiffs of their clearly established due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

46.     As a direct and proximate consequence of Defendants' violations of Plaintiffs federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

47.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the security fee policy. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

COMPLAINT                              Page - 14                    FREEDOM X

48.      Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### FIFTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment (42 U.S.C. § 1983)
(Equal Protection)
(All Plaintiffs Against All UW Seattle Defendants)

49.      Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

50.      By treating Plaintiffs and their members, differently from similarly situated students, student organizations, and members of the public because they are conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have engaged in actions that discriminate on the basis of political status and belief and have therefore deprived Plaintiffs of their clearly established equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

51.      As a direct and proximate consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

52.      Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

1    invalidating and restraining enforcement of the security fee policy. Additionally,

2    Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of

3

4                              **PRAYER FOR RELIEF**

5        WHEREFORE, Plaintiffs respectfully pray for relief and judgment against

6

7    Defendants, jointly and severally, as follows, in amounts according to proof:

8        1.    For judgment in favor of Plaintiffs against Defendants;

9        2.    For all damages legally and/or proximately caused to Plaintiffs by

10

11   Defendants in an amount to be determined at trial;

12       3.    For a declaration that Defendants * DOES violated 42 U.S.C. § 1983;

13       4.    For a declaration that Defendants * violated the First and Fourteenth

14

15   Amendments to the United States Constitution;

16       5.    For a declaration that Defendants * violated the First and Fourteenth

17   Amendments to the United States Constitution;

18       6.    For nominal damages for the past loss of their constitutional rights as set

19   forth in this Complaint;

20

21       7.    For compensatory damages according to proof;

22       8.    For punitive and exemplary damages for all claims for which such

23   damages are authorized;

24       9.    For temporary, preliminary, and permanent injunctive relief requiring *;

25

26       10.   For civil penalties under Cal. Civ. Code §§ 51.7, 52 & 52.1;

27

COMPLAINT                         Page - 16                    FREEDOM X
                                                               11500 Olympic Blvd Suite 400
                                                               Los Angeles, CA  90064
                                                               310-765-6328  Fax: 310-765-6328

11.     For an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 other applicable law;

12.     For costs of suit incurred herein; and

13.     For such other and further relief as the Court deems just and proper.

DATED this February 6, 2018

ELLIS, LI & McKINSTRY PLLC

*s/ Kyle D. Netterfield*
_____
Kyle D. Netterfield WSBA No. 27101
Ellis, Li & McKinstry PLLC
2025 First Avenue PHA
Seattle, WA  98121
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email:  knetterfield@elmlaw.com

Attorneys for Plaintiffs, College Republicans of the University of Washington and Chevy Swanson

FREEDOM X

*s/*
_____
William J. Becker, Jr., ESQ. SBN No. 134545
(Pro Hac Vice Application Pending)
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, CA  90064
Telephone:  (310)636-1018
Fax: (310) 765-6328
Email: bill@freedomxlaw.com

Attorneys for Plaintiffs, College Republicans of the University of Washington and Chevy Swanson

*DEMAND FOR JURY TRIAL*

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs * demand trial by jury on all individual claims they bring against their attackers in this action of all issues so triable.

ELLIS, LI & McKINSTRY PLLC

*s/ Kyle D. Netterfield*
_____
Kyle D. Netterfield WSBA No. 27101
Ellis, Li & McKinstry PLLC
2025 First Avenue PHA
Seattle, WA  98121
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email:  knetterfield@elmlaw.com

Attorneys     for     Plaintiffs,     College Republicans    of    the    University    of Washington and Chevy Swanson

FREEDOM X

*s/*
_____
William J. Becker, Jr., ESQ. SBN No. 134545
(Pro Hac Vice Application Pending)
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, CA  90064
Telephone:  (310)636-1018
Fax: (310) 765-6328
Email: bill@freedomxlaw.com

Attorneys     for     Plaintiffs,     College Republicans    of    the    University    of Washington and Chevy Swanson

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328