UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**COLLEGE REPUBLICANS OF THE UNIVERSITY OF WASHINGTON; CHEVY SWANSON**, an Individual,

Plaintiffs,

vs.

**ANA MARI CAUCE**, individually and in her official capacity as president of the University of Washington; **GERALD J. BALDASTY**, individually and in his official capacity as provost and executive vice president; **RENE SINGLETON**, individually and in her official capacity as assistant director, Student Activities; **CHRISTINA COOP**, individually and in her official capacity as senior activities advisor, Student Activities; **JOHN N. VINSON**, individually and in his official capacity as Chief of the University of Washington, Seattle, Police Department; **CRAIG WILSON** individually and in his official capacity as University of Washington, Seattle, Police Department Patrol Commander; and DOES 1-25;

Defendants.

NO. 2:18-cv-00189-MJP

**SECOND AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND RELATED CLAIMS**

**DEMAND FOR JURY TRIAL**

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 1

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

Plaintiffs University of Washington College Republicans and Chevy Swanson (collectively "Plaintiffs") bring this action against Defendants Ana Mari Cauce, individually and in her official capacity as president of the University of Washington; Gerald J. Baldasty, individually and in his official capacity as provost and executive vice president of the University of Washington; Rene Singleton, individually and in her official capacity as assistant director, Student Activities at the University of Washington, Seattle ("UW Seattle"); Christina Coop, individually and in her official capacity as senior activities advisor, Student Activities at the UW Seattle; John N. Vinson, individually and in his official capacity as Chief of the UW Seattle Police Department; Craig Wilson, individually and in his official capacity as UW Seattle Department Patrol Commander; and DOES 1-25, for nominal, compensatory, punitive, declaratory and injunctive relief.

## INTRODUCTION

1. This action seeks to protect and vindicate fundamental rights. It is a civil rights action brought under the First and Fourteenth Amendments against government actors responsible for imposing draconian and unreasonable security fees on Plaintiffs as a condition for permitting them to host a conservative speaker in Red Square within the UW Seattle campus. The imposition of a $17,000 security fee for a Saturday afternoon event featuring an evangelical Christian speaker is remarkable. But UW Seattle justifies it only on the basis of an unconstitutional heckler's veto, in essence, rewarding members of society so intolerant of and hostile to hearing views they find objectionable they must

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 2

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

threaten and/or commit violence to protect themselves from such views. By imposing such an exorbitantly large security fee on the Plaintiffs, Defendants, and each of them, are responsible for ratifying an unconstitutional heckler's veto, taxing protected speech and rewarding those who disrespect the solemn and precious freedoms safeguarded within the First Amendment.

## JURISDICTION AND VENUE

2.     This action arises under the First and Fourteenth Amendments to the United States Constitution, and is authorized pursuant to 42 U.S.C. § 1983 in relation to Defendants' deprivation of the Plaintiffs' constitutional rights. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343.

3.     Venue is proper under 28 U.S.C. § 1391(b). Each and all of the acts alleged herein were done by Defendants within King County, Washington.

4.     This Court is authorized to grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure; the requested injunctive relief under 28 U.S.C. § 1343(3); the requested damages under 28 U.S.C. § 1343(3); and attorneys' fees and costs under 42 U.S.C. § 1988.

## PARTIES

### A. Plaintiffs

5.     Plaintiff College Republicans of the University of Washington is a registered student organization of the University of Washington, Seattle.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

6.      Plaintiff Chevy Swanson is an individual residing in the City of Seattle, a student at the University of Washington, Seattle, and president of the College Republicans of the University of Washington.

**B.  UW Seattle Defendants**

7.      Defendant Ana Mari Cauce, is sued individually and in her and official capacity as president of the University of Washington.

8.      Defendant Gerald J. Baldasty is sued individually and in his official capacity as provost and executive vice president of the University of Washington.

9.      Defendant Rene Singleton is sued individually and in her official capacity as assistant director, Student Activities, of the University of Washington.

10.     Defendant Christina Coop, individually and in her official capacity as senior activities advisor, Student Activities, of the University of Washington.

11.     Defendant John N. Vinson is sued individually and in his official capacity as Chief of the University of Washington Police Department.

12.     Defendant Craig Wilson is sued individually and in his official capacity as Patrol Commander within the University of Washington Police Department.

13.     Plaintiffs are unaware of the true names and/or capacities of defendants sued herein as DOES 1-25 ("UW Seattle DOES") and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages set

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

forth in this Complaint. Each defendant proximately caused injuries and damages because of their active participation in the subject incident, and/or because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, or tortious conduct. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this Complaint subject to further discovery and investigation.

**FACTUAL BACKGROUND**

**A.      UW Opens Its Facilities For Expressive Use By The Public**

The "Central Plaza" at UW is also known as Red Square after its red brick paving. UW holds Red Square out as a public forum for expressive use ("This large plaza is really the central gathering place on campus."); UW website, "Outdoor Events & Reservations"; https://facilities.uw.edu/catalog/outdoor-events ("Weddings, banquets, fun runs, pep rallies, luncheons, plays, open houses, displays and art shows are just some of the events that have been held on the campus grounds."). In fact, it is among the more popular venues for events. *Id.* ("Some of the more popular spaces include … Red Square…."). Red Square is not limited to use by students, staff or faculty, but by "campus visitors (without a NetID)" as well.  *Id.*

/ / /

/ / /

**B.      UW's Event Security Fee Policy**

14.      In January 2017, the College Republicans hosted an event featuring political provocateur Milo Yiannopolous in Kane Hall on the UW Seattle campus. *Id.*, Exh. 1, Decl. Swanson, ¶ 3. The event drew significant blowback from members of the community who contacted the University hoping to have the event cancelled. *Id.*

15.      Plaintiff Swanson was event coordinator for the College Republicans and directly involved in planning for the Yiannopolous event. *Id.*, ¶ 4. Swanson and other club members met multiple times with campus administration. *Id.* Initially, the administration estimated security, building rental, equipment and staffing would cost the group $1,000. *Id.* In subsequent meetings, they were given a revised estimate of $5,000 and $7,000. *Id.* At no time, did the administration officials explain the rising cost estimates except to say that because they were expecting heightened protests, the cost of security would increase to cover additional officers. *Id.*

16.      On January 20, 2017, the night of the Yiannopolous event, approximately 400 people gathered in Red Square to cue up for the event. *Id.*, ¶ 5. At approximately 5 p.m., a number of black-clad individuals wearing masks carrying sticks and flagpoles showed up breaking bricks, attempting to bust down barricades and harassing people. *Id.*

17.      At approximately 7 p.m. an altercation occurred in which a protester was shot. Two people were charged with assaulting the protester. *Id.*, ¶ 6. As a result of the

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 6

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

Yiannopolous event requiring substantial security, the University adopted a "Safety and

Security Protocols for Events" policy. *Id*. The policy states in relevant part:

> When the use of campus facilities involves events, activities, and programs that are likely to significantly affect campus safety, security, and operation, the University will perform an analysis of all event factors. This could result in additional conditions and requirements placed on the host organization in order to maintain the safety and security of all organizing parties, guests attending, and the broader campus community. Safety and security concerns may include, but are not limited to, history or examples of violence, bodily harm, property damage, significant disruption of campus operations, and those actions prohibited by the campus code of conduct and state and federal law.

> During the planning process, host organizations or groups are responsible for making the University aware of any known histories and/or issues of safety and security concerns. The University (i.e., venue coordinator and UWPD) may review all event details and logistics to determine necessary safety and security protocols. Additionally, if previously unknown or new safety and security concerns arise during the planning process, the University will review the event details and may alter any conditions and requirements. Any determination by authorized campus officials will be based on an assessment of credible information other than the content or viewpoints anticipated to be expressed during the event. Other events taking place on or near campus will be taken into consideration in the security review. Required security measures may include, but are not limited to, adjusting the venue, date, and timing of the event; providing additional law enforcement; imposing access controls or security checkpoints limiting costumes or items carried; and/or creating buffer zones around the venue.

> The host organization or group will be required to pay costs of reasonable event security as determined in advance by the University. These costs include, but are not limited to security personnel, costs to secure the venue from damage, and special equipment as determined by law enforcement. Security fees will be based on standard and approved recharge rates for UWPD, other security personnel, and associated equipment costs or rentals. Should the University place supplementary security protocols prior

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 7

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

to or during the event to provide adequate security to help mitigate any originally unforeseen security concerns, additional security fees may be charged to host organizations or groups. Host organizations are financially responsible for damage, inside or outside of the venue, caused by members of their organization or their invitees.

The University reserves the right, in rare circumstances, to cancel an event if based on information available it is reasonably believed that there is a credible threat which unreasonably places the campus community at risk of harm.

*Id.*

18. The College Republicans raised money to cover the security fees through a gofundme campaign. *Id.*, ¶ 7. After the event, the College Republicans received an invoice from the University for $9,121, which they paid from the money received from the gofundme campaign. *Id.* However, the College Republicans did not plan other events in 2017 due to their inability to cover the exorbitant security costs they anticipated needing. *Id.*

19. In October 2017, an individual associated with Patriot Prayer, Kyle Broussard, contacted Swanson offering to have the group's founder and leader, Joey Gibson, come to the campus on November 22, 2017, for an indoor speaking event. Id., ¶ 8. Patriot Prayer is an informal group of evangelical Christians formed and led by Gibson to convey a message of peace. *Id.* Its Facebook page says it is about "using the power of love and prayer to fight the corruption both in the government and citizen levels that seek to gain power through division and deception."[1] *Id.* Despite this

---

[1] https://www.facebook.com/pg/PatriotPrayerUSA/about/?ref=page_internal.

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 8

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

description, Gibson has been the target of physical assault by Antifa and similar violent left-wing activist groups who label him a white supremacist and Nazi. *Id.*

20. In October 2017, Swanson, along with other members of the College Republicans, met with Defendant Renee Singleton, assistant director of Student Activities, and Christina Coop, senior activities advisor for Student Activities, to discuss planning for the Patriot Prayer event. *Id.*, ¶ 9. Defendant Singleton told Swanson that security costs would be high due to security concerns. *Id.* Singleton also told Swanson that Patriot Prayer is a controversial group and would present major security problems. Id. Based on those representations, the College Republicans decided not to move forward with the event. *Id.*

21. In January 2018, the College Republicans discussed holding a Patriot Prayer event outdoors to defray the costs associated with room, equipment and some of the security costs. *Id.*, ¶ 10. The group reached out to Gibson to inquire about scheduling an outdoor event in February 2018. *Id.*

22. Swanson met again with campus advisors to discuss planning for a February outdoor event. *Id.*, ¶ 11. On February 1, 2018, Defendant Craig Wilson, Patrol Commander with the UW Seattle Police Department, told Swanson the cost of security would be $17,000 due to expected violent protests. *Id.* Wilson did not explicitly detail the reasons for such a large security fee. Id. No other group has been charged such an excessively large security fee in the past. *Id.*, Exh. 1, UWPD Security Costs for 2016-17, obtained through a Washington State Public Records Request.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

23.     Prior to the event, Defendant Cauce issued a warning to students and members of the campus community to avoid Red Square, effectively hindering the success of the Event by spreading the fear of violence. "Through civil debate, we can tackle difficult issues," University of Washington Office of the President Blog, February 9, 2018, https://www.washington.edu/president/2018/02/09/through-civil-debate-we-can-tackle-difficult-issues/(" I encourage you to avoid Red Square, and the surrounding area from 8 a.m. to 5 p.m. on Saturday to ensure your own personal safety.").

24.     Although the Event was held on February 10, 2018, in Red Square, the College Republicans and those attending it for the purpose of hearing Joey Gibson speak numbered only approximately 50 people and were substantially outnumbered by a significantly larger number of protesters, hecklers and thugs. Police were a significantly larger presence as well.

25.     After the Event, Defendant Cauce defamed the College Republicans by referring to them as a "group that many associate with racist views" and who many believe were seeking to provoke violence and grab attention. "A Difficult Saturday," University of Washington Office of the President Blog, February 12, 2018, https://www.washington.edu/president/blog/.

/ / /

/ / /

/ / /

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

**C.    UW's Security Fee Policy, Facially And Applied To Plaintiffs, Requires Reference To The Reactions Of Violent Mobs Targeting Politically Conservative Speakers**

UW determines the amount of security fees it assesses against a group based upon the reaction to controversial speakers by hostile agitators. Dkt. No. 15, Vinson Decl. at 6 ("UWPD researched threats to the speaker or group hosting the event. In this case, there appear to routinely be assaults against Joey Gibson at prior events, including:

- January 27, 2018, rally in Olympia where he was pepper sprayed
- August 27, 2017, rally in Berkeley where he was assaulted and pepper sprayed
- Late May-early June, 2017, when Gibson publically acknowledged receiving multiple death threats

UWPD takes these assaults and threats to life into consideration in determining the security presence needed to keep the speaker safe while he is present on campus."). Indeed, security fees established for events featuring controversial speakers associated with politically left-wing viewpoints are not comparable to event security fees for public appearances by controversial conservative speakers because their appearances do not attract hostile agitators. Defendant Vinson has acknowledged the disparagement between security fee costs for speakers who do not attract hostile protesters and those that do and that the cost of an appearance by controversial figure Milo Yiannopolous at UW would exceed $9,000 due to protests that occurred during his appearance there in 2017, but controversial Black Lives Matter activist Shaun King, who appeared on campus without encountering protests, would be charged about $4,000 if he were to return to campus. Dkt. No. 27, Becker Decl., ¶ 5.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

**D.    Plaintiffs Are Individually Responsible For Paying The Security Fee**

26.    Swanson is currently president of the UW College Republicans. Dkt. No. 27, Swanson Decl. ¶ 1. On multiple occasions, Swanson met with student event advisors to discuss planning for a Saturday, February 10, 2018, event ("Event") featuring Joey Gibson, a Christian speaker who goes by the dba, Patriot Prayer. *Id.*, ¶¶ 9, 11-12. During those discussions, Swanson was advised that each of the College Republican members would be held personally responsible for payment of the security fee assessment and that the estimated amount of the security fee prior to the Event was $17,000. *Id.*, ¶ 12. Swanson advised his club's members that he would bear financial responsibility for the Event. *Id.* However, Swanson is incapable of satisfying such a large sum of money. *Id.*

**E.    Plaintiffs Intend To Engage In Expressive Activity At UW In The Future**

27.    Plaintiffs intend to engage in protected speech activities in the future at UW, including within Red Square. Other registered student groups at UW are realistically likely to take advantage of the use of UW's open venues for protected speech activities as well. A realistic danger that the Security Fee Policy will significantly compromise First Amendment protections for Plaintiffs as well as parties not before the Court exists and student speech activities are being chilled due to Defendants' adoption of the Security Fee Policy.

/ / /

/ / /

/ / /

## LEGAL CLAIMS

## FIRST CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Freedom of Speech)
(All Plaintiffs Against All UW Seattle Defendants)

28.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

29.     Red Square is a traditional public forum, or at least a designated public forum – as it must be, under state-wide regulations, and long-standing Supreme Court precedent. Accordingly, UW Seattle is required to allow plaintiffs to bring speakers of their own choosing to speak on campus, free from viewpoint discrimination, content-based speech restrictions that are not narrowly tailored to serve a compelling government interest, and content-neutral time, place and manner restrictions that are not narrowly tailored to serve an important government interest or that fail to leave open ample alternative channels for the communication of the message.

30.     Defendants, acting under color of state law and according to UW Seattle policy, custom, pattern, and practice, have failed to meet these constitutional standards by adopting and enforcing a facially and as-applied unconstitutional security fee policy that grants Defendants unfettered discretion to impose unreasonable security fees; which Defendants have enforced according to the their whim and taste, or the demands of an off-campus mob of masked agitators.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

31.     Defendants' actions fail to meet constitutional scrutiny because the security fee policy is facially and as-applied unreasonable, and was adopted and enforced in a viewpoint discriminatory manner, with the effect of chilling, marginalizing, or banning the expression of conservative viewpoints on the UW Seattle campus.

32.     The security fee policy is unconstitutionally vague, and therefore void as a matter of law, both on its face, and as it is being applied to Plaintiffs.

33.     As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

34.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the security fee policy. Additionally, plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

35.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

SECOND AMENDED COMPLAINT                    Page - 14
NO. 2:18-CV-00189-MJP

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

## SECOND CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Freedom of Assembly)
(All Plaintiffs Against All UW Seattle Defendants)

36.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

37.     The First Amendment prohibits government from abridging the right of the people to assemble peaceably. Freedom of assembly is the individual right or ability of people to come together and collectively express, promote, pursue, and defend their ideas. The right to freedom of association is recognized as a human right, a political right and a civil liberty.

38.     Defendants, and each of them, abridge Plaintiffs' right to assemble by imposing a draconian and unreasonable security fee for their scheduled event, thereby creating and enforcing a de facto prohibition on their right to assemble without government-approved endorsement of their message.

39.     As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

40.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 15

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

security fee policy. Additionally, plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

41.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983)
(Retaliation)
(All Plaintiffs Against All UW Seattle Defendants)

42.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

43.     Plaintiffs and their members have engaged in constitutionally protected speech, namely, holding and expressing conservative viewpoints by inviting conservative speakers to speak on the UW Seattle campus.

44.     By treating Plaintiffs and their members differently from similarly situated students, student organizations, and members of the public because they are conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have retaliated against Plaintiffs and their members for holding and expressing disfavored views, and in so retaliating, have engaged in conduct that would chill a person of ordinary firmness from continuing to engage in the protected speech activity.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

45.     Plaintiffs and their members' actions in holding and expressing disfavored views was a substantial and motivating factor in Defendants' retaliation against them by imposing unlawful restrictions on Plaintiffs and their members' federal civil rights secured under 42 U.S.C. § 1983 and the First Amendment, causing Plaintiffs to suffer and continue in the future to suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

46.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants' retaliation against BCR and its members for their utterances of protected speech.

47.     Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

48.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment (42 U.S.C. § 1983)
(Due Process)
(All Plaintiffs Against All UW Seattle Defendants)

49.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

50.     Defendants, acting under color of state law and according to a policy, pattern and practice, have enacted a security fee policy, which is vague, overbroad, and improperly affords Defendants unfettered discretion in its application, and therefore deprives Plaintiffs of their clearly established due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

51.     As a direct and proximate consequence of Defendants' violations of Plaintiffs federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

52.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the security fee policy. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

53.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT                    Page - 18
NO. 2:18-CV-00189-MJP

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

# FIFTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment (42 U.S.C. § 1983)
(Equal Protection)
(All Plaintiffs Against All UW Seattle Defendants)

54.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

55.     By treating Plaintiffs and their members, differently from similarly situated students, student organizations, and members of the public because they are conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have engaged in actions that discriminate on the basis of political status and belief and have therefore deprived Plaintiffs of their clearly established equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

56.     As a direct and proximate consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

57.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the security fee policy. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of

# PRAYER FOR RELIEF

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

WHEREFORE, Plaintiffs respectfully pray for relief and judgment against Defendants, jointly and severally, as follows, in amounts according to proof:

1. For judgment in favor of Plaintiffs against Defendants;

2. For all damages legally and/or proximately caused to Plaintiffs by Defendants in an amount to be determined at trial;

3. For a declaration that Defendants violated 42 U.S.C. § 1983;

4. For a declaration that Defendants violated the First and Fourteenth Amendments to the United States Constitution;

5. For nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

6. For compensatory damages according to proof;

7. For punitive and exemplary damages for all claims for which such damages are authorized;

8. For preliminary, and permanent injunctive relief prohibiting Defendants from enforcing their unconstitutional content-based Security Fee Policy against Plaintiffs and those similarly situated and from unconstitutionally ratifying a heckler's veto by inhibiting Plaintiff's First Amendment and Fourteenth Amendment rights of speech, expression, assembly and association and those rights belonging to third parties in the future.

9. For an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 other applicable law;

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328 Fax: 310-765-6328

10.     For costs of suit incurred herein; and

11.     For such other and further relief as the Court deems just and proper.

DATED this March 22, 2018

ELLIS, LI & McKINSTRY PLLC

*s/ Kyle D. Netterfield*

Kyle D. Netterfield WSBA No. 27101
Ellis, Li & McKinstry PLLC
2025 First Avenue PHA
Seattle, WA  98121
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email:  knetterfield@elmlaw.com

Attorneys for Plaintiffs, College
Republicans of the University of
Washington and Chevy Swanson


FREEDOM X

*s/ William J. Becker, Jr.*

William J. Becker, Jr.
 (Pro Hac Vice)
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
Telephone:  (310) 636-1018
Fax: (310) 765-6328
Email: bill@freedomxlaw.com

Attorneys for Plaintiffs, College
Republicans of the University of
Washington and Chevy Swanson

SECOND AMENDED COMPLAINT                    Page - 21
NO. 2:18-CV-00189-MJP

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA  90064
310-765-6328  Fax: 310-765-6328

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs * demand trial by jury on all individual claims they bring against their attackers in this action of all issues so triable.

ELLIS, LI & McKINSTRY PLLC

*s/ Kyle D. Netterfield*

Kyle D. Netterfield WSBA No. 27101
Ellis, Li & McKinstry PLLC
2025 First Avenue PHA
Seattle, WA 98121
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email: knetterfield@elmlaw.com

Attorneys for Plaintiffs, College
Republicans of the University of
Washington and Chevy Swanson


FREEDOM X

*s/ William J. Becker, Jr.*

William J. Becker, Jr.
 (Pro Hac Vice)
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
Telephone: (310) 636-1018
Fax: (310) 765-6328
Email: bill@freedomxlaw.com

Attorneys for Plaintiffs, College
Republicans of the University of
Washington and Chevy Swanson

## CERTIFICATE OF SERVICE

SECOND AMENDED COMPLAINT
NO. 2:18-CV-00189-MJP

Page - 22

FREEDOM X
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064
310-765-6328  Fax: 310-765-6328

I hereby certify that on this 23rd day of March, 2018, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CMECF system.

DATED this 23rd day of March, 2018

By: /s/ William J. Becker, Jr.
William J. Becker, Jr. (Pro Hac Vice)